United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 20-13545-mdc |
| Erika M Stevenson | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Jan 27, 2021 | Form ID: pdf900 | Total Noticed: 2 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 29, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Erika M Stevenson, 324 Westmont Dr, Collingdale, PA 19023-1022 |
| | Robert M. Morris, Esq., Morris & Adelman PC, 201 N. Presidential Blvd., Ste. 100, PO Box 2235, Bala Cynwyd, PA 19004-6235 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 29, 2021      Signature:     /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 27, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| KARINA VELTER | on behalf of Creditor Chase Auto Finance amps@manleydeas.com |
| KENNETH E. WEST | on behalf of Debtor Erika M Stevenson dwabkty@aol.com G6211@notify.cincompass.com |
| REBECCA ANN SOLARZ | on behalf of Creditor MIDFIRST BANK bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | on behalf of Trustee WILLIAM C. MILLER Esq. ecfemails@ph13trustee.com, philaecf@gmail.com |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com philaecf@gmail.com |

TOTAL: 6

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| ERIKA STEVENSON | : | |
| Debtor(s) | : | NO. 20-13545 MDC |

**STIPULATION and ORDER PURSUANT TO 11 USC §522(f) and Federal Rule of Bankruptcy Procedure 4003(d) in Avoidance of Judicial Lien**

The Debtor(s), Erika Stevenson, by and through counsel, Kenneth E. West, Esquire of Douglass, West & Associates, and Creditor, Care Pavilion Nursing and Rehabilitation Center PA, L.P., it's successors and/or assigns (hereinafter referred to as Care Pavilion) by and through counsel, Robert M. Morris, Esquire, of Morris and Adelman, P.C. hereby file(s) this stipulation and order to in resolve of Care Pavilion judicial lien and in support thereof respectfully represent(s) as follows:

1. Debtor(s) commenced this case by filing a Voluntary Petition under Chapter 13 of the Bankruptcy code on August 31, 2020.

2. William C. Miller, Esquire has been appointed the Chapter 13 Trustee in this case.

3. Care Pavilion is a creditor in the above-mentioned filing.

4. On or about February 4, 2020, Care Pavilion, through their counsel, Robert M. Morris, Esquire obtained a judgment in Care Pavilion's favor against the debtor (Delaware County Court of Common Pleas No. CV-19-010667). Said judgment gave rise to a judicial lien in and on the real property owned by Debtor at 324 Westmont Dr., Collingdale PA 19023. The said judgment is entered of record.

5. At the time Debtor filed the instant bankruptcy petition, the value of the real estate was $100,000.00.

6. Debtor's interest in the real estate is subject to a mortgage to MidFirst Bank in the amount of $69,562.64.

7. The Debtor has claimed as exempt, $25,150.00 under 11 USC §522(d)(1).

8. The existence of Care Pavilion's lien impairs exemptions to which the Debtor is entitled under 11 USC §522(b).

9. The aforesaid debt was duly listed on the debtor's schedules as debt in the above-captioned case.

10. Care Pavilion's aforesaid lien upon debtor's property is a judicial lien with the purview of 11 USC §522 (f)(1), and impairs debtor's aforesaid exemption within the meaning of 11 USC §522 (f), in that said property has been claimed as exempt under 11 USC §522 (d)(1).

WHEREAS it is the desire of the parties to resolve all matters and claims between the parties, which could be raised in a motion to avoid judicial lien pursuant to 11 USC §522(f) and Federal Rule of Bankruptcy Procedure 4003(d).

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the debtor, KENNETH E. WEST and counsel for creditor, Care Pavilion, Robert M. Morris, Esquire that:

1) Care Pavilion's claim in the amount of approximately $30,664.18 is allowed as a secured claim in the amount of $5,287.36, with the remaining balance ($25,376.82) being allowed as an unsecured claim (Care Pavilion's shall file amended Proof of Claim).

2) Upon successful completion of the plan and entry of the chapter 13 discharge, the Debtor is authorized to record copies of this stipulation and order with the Delaware County Court of Common Pleas and/or the Delaware County Recorder of Deeds.

3) The recording of this stipulation and order shall release any and all liens, encumbrances and/or judgments associated with Care Pavilion's claim against the property, namely 324 Westmont Dr., Collingdale PA 19023.

4) In the event that the chapter 13 plan in this case is not completed, then this stipulation shall not be recorded and Care Pavilion's claim shall not be treated as released.

5) The parties agree that a facsimile signature shall be considered an original signature. All parties shall bear their own costs, and the signatories represent that the execution of this stipulation has been authorized by their respective principals.

IN WITNESS WHEREOF, the parties have executed this Stipulation, intending to be legally bound hereby, as of this 19th day of January, 2021.

BY: _Kenneth E. West_  
KENNETH E. WEST, ESQ  
DOUGLASS, WEST & ASSOCIATES  
Attorney for Debtor(s)

BY: _Robert M. Morris_  
ROBERT M. MORRIS, ESQ.  
MORRIS and ADELMAN, P.C  
Attorney for Care Pavilion

### ORDER APPROVING STIPULATION

AND NOW, to wit, this 26th day of January, 2021, the above Stipulation be and hereby is APPROVED and entered as an Order of the Court, and the parties thereto are directed to comply therewith.

Upon successful completion of the Chapter 13 Plan and Discharge, the Debtor is authorized to record copies of this stipulation and order in the Delaware County Court of Common Pleas and/or the Delaware County Recorder of Deeds. In accordance with the terms of the stipulation, the recording of the stipulation shall constitute the release of any liens, encumbrances and/or judgments associated with Care Pavilion's claim against the property, known as 324 Westmont Dr., Collingdale PA 19023 (Delaware County Court of Common Pleas No. CV-19-010667).

BY THE COURT:

BY: _Magdeline D. Coleman_  
Magdeline D. Coleman  
Chief U.S. Bankruptcy Judge

Copies to:

KENNETH E. WEST, ESQUIRE  
DOUGLASS, WEST & ASSOCIATES  
830 Lansdowne Avenue  
Drexel Hill, PA 19026

ROBERT M. MORRIS, ESQ.  
MORRIS and ADELMAN, P.C  
201 N. Presidential Blvd. Suite 100  
P.O. Box 2235  
Bala Cynwyd, PA 19004-6235

William C. Miller, Trustee  
1234 Market Street  
Suite 1813  
Philadelphia, PA 19107

US Trustee's Office  
833 Chestnut St Ste 501  
Philadelphia PA 19107-4414